Per Curiam.

The legal issues in these appeals are very similar and the cases were presented together in this court. In one case (No. 36471), the issue is whether, in assessing for taxation personal property of appellant for the year 1956, the value of engineering drawings owned by appellant in 1955 prior to October 4, during which period they were exempted from taxation by Section 5701.03, Revised Code, may 'be considered. In the other case (No. 36472), the issue is whether, in assessing for taxation personal property of appellant for the year 1956, the value of goods held by appellant “for storage only” in 1955, prior to September 30, during which period they were exempted from taxation by Section 5701.08, Revised Code, may be considered.
It is the contention of appellants that Section 5701.03, Revised Code, as amended effective October 4, 1955, and Section 5701.08, Revised Code, as amended effective September 30, 1955, are, as construed by the Tax Commissioner and Board of Tax Appeals, retroactive and unconstitutional. With such contention this court does not agree.
Section 5711.15, Revised Code, as in effect in 1956, relative to the listing of merchandise for sale, provided that a merchant in estimating the value of personal property “held for sale in the course of his business shall take as the criterion the average value of such property, as provided in this section of the Revised Code, which he had in his possession or under his control during the year next previous to the time of making such statement,” and that “such average shall be ascertained by taking the amount in value on hand, as nearly as possible, in each month of the next preceding year * * * adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year. ’ ’
Section 5711.16, Revised Code, as in effect in 1956, relative to listing of property by a manufacturer, provided that he shall include the average value of his personal property used in business “which he has had on hand during the year next previous to listing day annually, or the part of the year during which he was engaged in such business,” that “the average value of such property shall be ascertained by taking the value of all property subject to be listed on the average basis, owned *282 by such manufacturer on the last business day of each month the manufacturer was, engaged in business during the year, adding the monthly values together, and dividing the result by the number of months the manufacturer was engaged in such business during the year,” and that “the result shall be the average value to be listed.”
The tax year here in question is 1956, and the Tax Commissioner computed the value of appellants’ personal property on the basis of the law in effect in that year (Sections 5711.15 and 5711.16, Eevised Code) defining the methods to be used. This was done by adding the twelve month-end values for 1955 subject to be listed for the fiscal year 1956 and dividing the total by twelve. The result is the estimated value of appellants’ inventories for 1956 subject to be listed in their 1956 personal property tax returns, the average value of inventories for the then current year being based on the past year’s experience. This is not applying the law retroactively and is not taxing property exempted during a part of 1955. A statute is not retroactive merely because it draws on antecedent facts for a criterion in its operation. The value of the 1955 inventories, as determined by the Tax Commissioner, is only the norm for fixing the value of the 1956 inventories.
The decisions of the Board of Tax Appeals, being neither unreasonable nor unlawful, are affirmed.

Decisions affirmed.

Weygandt, C. J., Zimmerman, Taft, Bell, Herbert and Peck, JJ., concur.